**Michael J. Knapp**
210 SW Morrison St, Fourth Floor
Portland, Oregon 97204
Telephone: (503) 222-6508
Facsimile : (503) 227-2530
E-Mail     : mknapp@spiretech.com
OSB# 833943
Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON, PORTLAND DIVISION

| | |
|---|---|
| PAMELA S. KEUNEKE,<br><br>                Plaintiff,<br><br>    v.<br><br>METROPOLITAN LIFE INSURANCE COMPANY,<br><br>                Defendant. | Case No.<br><br>**COMPLAINT -<br>ERISA VIOLATIONS** |

### I.  INTRODUCTION

1.

This action is brought by plaintiff, Pamela S. Keuneke, pursuant to the Employment Retirement Income Security Act of 1974, U.S.C. § 1001, et seq ("ERISA"). Through this lawsuit, plaintiff seeks to recover disability insurance benefits owing to her under the terms of a group long term disability insurance policy issued to plaintiff's employer by defendant Metropolitan Life Insurance Company (hereinafter "MetLife").

2.

Specifically, plaintiff seeks to recover the monthly long term disability insurance benefits that

Page 1 - COMPLAINT

MetLife has wrongfully withheld from her since cutting off payment of her benefits in January 2017. Plaintiff also seeks an award of her costs and attorney fees incurred herein, plus prejudgment interest on her past due monthly benefits.

## II.    JURISDICTION AND VENUE

3.

Jurisdiction is conferred on this court by 29 U.S.C. § 1132, which gives the United States District Courts jurisdiction to hear civil actions brought by plan beneficiaries in order to recover benefits owed to them under the terms of their employee welfare benefit plans.

4.

Venue is proper in this District Court pursuant to 29 U.S.C. § 1132 (e)(2), and 28 U.S.C. § 1391(b)(2).

## III.    THE PARTIES

5.

Plaintiff is an Oregon resident.

6.

MetLife is an insurance company duly authorized to transact business in Oregon.

7.

At all material times, plaintiff was employed as a Regional Program Manager by Providence Health and Services (hereinafter "Providence Health").

8.

At all material times, plaintiff was covered by a group long term disability insurance policy issued by MetLife to cover the employees of Providence Health. MetLife has identified this policy as policy number 121359-1-G (hereinafter "the MetLife policy").

9.

The MetLife policy is an employee welfare benefit plan covered by ERISA.

## IV. PLAINTIFF'S CLAIM FOR RECOVERY OF LONG TERM DISABILITY INSURANCE BENEFITS PURSUANT 29 U.S.C. § 1132(a)(1)(B)

10.

The MetLife policy provides for payment of monthly long term disability insurance benefits to disabled insureds who are covered by the policy.

11.

The MetLife policy provides for payment of long term disability benefits starting 180 days after an insured first becomes disabled. The MetLife policy refers to this as a 180 day Elimination Period.

12.

Plaintiff first became disabled under the terms of the MetLife policy in March 2016, and submitted a claim to MetLife for payment of long term disability benefits.

13.

On July 14, 2016, MetLife sent a letter to plaintiff which provided notice that MetLife had reviewed and approved her claim for disability benefits. The letter said MetLife would start paying plaintiff a disability benefit in the amount of $6593 per month, beginning in September 2016 when the policy's 180 day Elimination Period was completed.

14.

MetLife started paying plaintiff disability insurance benefits in September 2016, and provided her monthly benefits during the next four months.

15.

However, on January 5, 2017 MetLife sent a letter to plaintiff giving notice that it had decided to terminate payment of her disability benefits as of January 6, 2017. MetLife asserted in this letter that plaintiff no longer satisfied the definition of disability in the MetLife policy, so she was no longer entitled to receive monthly benefits.

16.

Plaintiff then requested that MetLife conduct an administrative appeal review of its decision to terminate payment of her disability benefits, and she submitted additional information in support of her claim for MetLife to consider during the appeal review process.

17.

On September 26, 2017, MetLife issued a letter notifying plaintiff that after completing the administrative review, it decided to stick with its initial decision to cut off her disability benefits as of January 6, 2017.

18.

Both of MetLife's decisions to terminate plaintiff's monthly disability insurance benefits were wrong.

19.

Since January 2017, plaintiff has continued to be disabled under the terms of the MetLife policy, and has continued to be entitled to receive monthly disability benefits from MetLife.

20.

Accordingly, MetLife has breached the terms of the MetLife policy, and plaintiff is entitled to recover monetary compensation from MetLife as a result of that breach.

21.

Plaintiff has been entitled to receive a $6593 per month disability benefit payment from MetLife since January 2017. Therefore, plaintiff is currently entitled to a recovery from MetLife in the amount of $85,709 (13 months x $6593 per month = $85,709). This amount will increase by $6593 per month as long as MetLife continues to wrongfully withhold disability insurance benefits from plaintiff.

///

///

22.

Plaintiff is also entitled to an award of the prejudgment interest that has accrued on each past due monthly benefit payment.

### V. PLAINTIFF'S CLAIM FOR DECLARATORY RELIEF UNDER 29 U.S.C. § 1132(a)(1)(B) and (a)(3)(B)

23.

Plaintiff realleges and incorporates by reference the allegations contained in paragraph 1 through 22, above.

24.

Plaintiff is entitled to judicial declarations that (1) plaintiff has been entitled to receive ongoing monthly disability insurance benefits from MetLife since January 2017, and (2) plaintiff will continue to be entitled to receive monthly disability benefits from MetLife in the future as long as she continues to qualify for benefits under the terms of the MetLife policy.

### VI. PLAINTIFF'S CLAIM FOR ATTORNEY FEES AND COSTS PURSUANT TO U.S.C. § 1132(g)

25.

Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1 through 24, above.

26.

Plaintiff has been forced to hire an attorney to pursue this ERISA lawsuit against MetLife in order to enforce her claim for long term disability benefits.  Plaintiff is therefore entitled to an award of her attorney fees and costs in this action pursuant to 29 U.S.C. § 1132 (g).

///
///
///

## VII.    PRAYER FOR JUDGMENT

WHEREFORE, plaintiff prays for:

A.    A judgment against MetLife in an amount of $85,709 based on MetLife's failure to pay plaintiff the monthly disability insurance benefits she has been entitled to receive since January 2017.

B.    A judgment against MetLife equivalent to the amount of any additional monthly disability benefits that MetLife wrongfully withholds from plaintiff from the date of this lawsuit through the date of entry of judgment.

C.    Prejudgment interest that has accrued, and will accrue, on each past due monthly disability benefit described above, from the time each benefit was due, to the time of entry of judgment.

D.    The judicial declarations that plaintiff has requested in paragraph 24, above.

E.    An award of plaintiff's attorney fees, costs, and disbursement incurred herein.

F.    Any other relief deemed to be just and equitable by the court.

DATED this 22nd day of January, 2018

                              */s/ Michael J. Knapp*
                              Michael J. Knapp    OSB #833943
                              Attorney for Plaintiff